UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

2007 JUL 25 PM 4:02
CLARENCE ...
CLERK U.S. DIST. CT.
S.D. OF FL.-MIAMI

Case No.: 07-21928 CIV-HUCK
MAGISTRATE JUDGE SIMONTON

ANTONIO SANCHEZ,

Plaintiff,

v.

DAVOL, INC., a Rhode Island Corporation for profit and C.R. BARD, INC., a New Jersey Corporation for profit,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, ANTONIO SANCHEZ, sues Defendants, DAVOL, INC. a Rhode Island Corporation for Profit and C.R. BARD, INC., a New Jersey Corporation for Profit, and alleges:

**Parties**

1. At all times material, Plaintiff, ANTONIO SANCHEZ, was and is a citizen of Miami-Dade County, Florida.

2. Defendant, DAVOL INC. ("DAVOL") is a corporation that is incorporated under the laws of the State of Rhode Island. DAVOL has its principal place of business in the State of Rhode Island. It manufactures the Composix® Kugel Mesh Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. DAVOL focuses its business on products in key surgical specialties, including hernia repair, hemostasis, orthopedics, and laparoscopy. DAVOL conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the

jurisdiction of this court.

3. Defendant, C. R. BARD INC. ("BARD") is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of DAVOL and participates in the manufacture and distribution of the Kugel Patch. It also manufactures and supplies DAVOL with material that forms part of the Kugel Patch. BARD conducts business throughout the United States and further is registered to do business in the state of Florida, directly and indirectly through its agents and distributors to such an extent that it avails itself of the jurisdiction of this court.

***Jurisdiction and Venue***

4. The matter in controversy exceeds $75,000, exclusive of interest and costs, as specified by 28 U.S.C. § 1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), as Plaintiff obtained, purchased and used the Kugel Patch that forms the basis of this lawsuit in Southern Federal District of Florida; at all relevant times, Plaintiff resided within this District; the injury sued upon occurred in this District; and Defendants marketed, advertised, sold and distributed the Kugel Patch in this District.

***Facts***

6. Defendant DAVOL designed, manufactured and distributed the Kugel Patch, a hernia mesh patch that was inserted into ANTONIO SANCHEZ's body.

7. Defendant DAVOL, through its agents, servants and employees, participated in the manufacture and delivery of the Kugel Patch that was inserted into ANTONIO SANCHEZ's body.

8. The Defendants submitted their 510k Application to the Federal Drug

Administration (hereinafter referred to as the "FDA") on January 22, 2001. Following this 510k Application the Kugel Patch was authorized by the FDA as a Class II medical device.

9. On or about March 20, 2006, ANTONIO SANCHEZ underwent surgery at Hialeah Hospital in Miami-Dade County, Florida, to repair a ventral (incisional) hernia. A 5.4" x 7" Kugel Patch was used to repair the hernia.

10. The Kugel Patch hernia repair product implanted in ANTONIO SANCHEZ was designed, manufactured, sold and distributed by DAVOL to be used by surgeons for hernia repair surgeries and was further represented by DAVOL to be an appropriate, cost-effective and suitable product for such purpose.

11. On December 22, 2005, DAVOL recalled many sizes of Kugel Patches under a Class I recall notice. Subsequent Class I recalls occurred on March 31, 2006, and January 24, 2007.

12. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health

13. The Kugel Patch was recalled due to a faulty "memory recoil ring" that can break under pressure. Incidents of ring migration, intestinal fistulae, bowel perforation and even death have been reported.

14. On or about April 25, 2007, ANTONIO SANCHEZ underwent an exploratory laparotomy with removal of the Kugel Patch.

15. DAVOL and BARD withdrew a large number of Kugel Patches as a result of the high complication and failure rate of the product.

16. Upon information and belief DAVOL and BARD failed to comply with

the FDA application and reporting requirements.

17. Upon information and belief DAVOL and BARD were aware of the high degree of complication and failure rate associated with their Kugel Patch before it was recalled.

18. Upon information and belief DAVOL and BARD were aware of the defect in manufacture and design prior to the recall of their Kugel Patch.

***COUNT I***
***Negligence***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

19. Defendants DAVOL and BARD were negligent to ANTONIO SANCHEZ in the following respects:

20. DAVOL and BARD at all times mentioned had a duty to properly manufacture, test, inspect , package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

21. DAVOL and BARD at all times mentioned knew or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings, and were unreasonably likely to injure the Kugel Patch users.

22. DAVOL and BARD so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the

Kugel Patch, that they were dangerous and unsafe for the use and purpose for which it was intended.

23. DAVOL and BARD were aware of the probable consequences of the Kugel Patch. DAVOL and BARD knew or should have known the Kugel Patch would cause serious injury; they failed to disclose the known or knowable risks associated with the Kugel Patch. DAVOL and BARD willfully and deliberately failed to avoid those consequences, and in doing so, DAVOL and BARD acted in conscious disregard of the safety of ANTONIO SANCHEZ.

24. Defendants DAVOL and BARD owed a duty to ANTONIO SANCHEZ to adequately warn him and his treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

25. Defendants DAVOL and BARD breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

26. As a direct and proximate result of the duties breached, the Kugel Patch used in ANTONIO SANCHEZ's hernia repair surgery failed, causing ANTONIO SANCHEZ bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE,** ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## *COUNT II*
## ***Strict Product Liability***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

27. Defendants DAVOL and BARD are strictly liable to ANTONIO SANCHEZ in the following respects:

28. DAVOL and BARD designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

29. The Kugel Patches subject to the Class I recall were defective because they failed to perform safe and effectively for the purpose they were originally designed. ANTONIO SANCHEZ's Kugel Patch was a Class I recalled device that failed while in his body causing him to develop serious physical complications which required subsequent, painful and unnecessary removal surgery of his Kugel Patch.

30. At all times material, the Kugel Patch was substantially in the same condition as when it left the possession of DAVOL.

31. The Kugel Patch implanted into ANTONIO SANCHEZ was being used in a manner reasonably anticipated at the time it was implanted in him by his surgeon.

32. The Kugel Patches, like the one found in ANTONIO SANCHEZ, at the time they left the possession of DAVOL and BARD were inherently dangerous for their intended use and were unreasonably dangerous products which presented and constituted

an unreasonable risk of danger and injury to ANTONIO SANCHEZ as follows:

i. The Kugel Patch was sold in a defective condition by design and manufacture;

ii. The Kugel Patch as designed and manufactured was unsafe to ANTONIO SANCHEZ;

iii. The Kugel Patch as designed and manufactured was unreasonably dangerous to ANTONIO SANCHEZ;

iv. The Kugel Patch did not perform safely as an ordinary consumer/patient, like ANTONIO SANCHEZ, would expect;

v. The Kugel Patch as designed and manufactured was unsafe for its intended use;

vi. DAVOL and BARD failed to warn the end user about the dangers and risks of the product;

vii. DAVOL and BARD knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

viii. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

ix. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery.

x. Any other acts or failures to act by DAVOL or BARD regarding the studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgery as will be learned during discovery.

33. As a direct and proximate result, the Kugel Patch used in ANTONIO SANCHEZ's hernia repair surgery failed, causing ANTONIO SANCHEZ bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care

and treatment, loss of earnings, loss of the ability to earn money and aggravation of a previously existing condition. These losses are either permanent or continuing in nature, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## *COUNT III*
## ***Breach of Implied Warranty***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

34. Defendants DAVOL and BARD are liable to ANTONIO SANCHEZ for their breach of implied warranty in the following respect:

35. DAVOL and BARD sold the Kugel Patch which was implanted in ANTONIO SANCHEZ. DAVOL and BARD impliedly warranted to ANTONIO SANCHEZ, his physicians and health care providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

36. DAVOL and BARD knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

37. ANTONIO SANCHEZ, his physicians and health care providers reasonably relied on DAVOL's and BARD's judgment, indications and statements that the Kugel Patch was fit for such use.

38. When the Kugel Patches were distributed into the stream of commerce and

sold by DAVOL and BARD, they were unsafe for their intended use, and not of merchantable quality, as warranted by DAVOL and BARD in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury of harm or death to the end user.

**WHEREFORE**, ANTONIO SANCHEZ sues DAVOL and BARD and demands judgment for compensatory damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, costs and demands trial by jury of all issues so triable.

## *COUNT IV*
## ***Florida's Deceptive & Unfair Trade Practices Act ("FDUTPA")***

ANTONIO SANCHEZ re-alleges and incorporates by reference each and every allegation contained in paragraphs 1-18 as though fully set forth herein.

39. DAVOL and BARD's actions are deceptive and in clear violation of FDUTPA, entitling Plaintiff to damages and relief under Fla. Stat. §§ 501.201-213.

40. Plaintiff was a consumer within the meaning of FDUTPA, who was deceptively and unlawfully induced to purchase and/or have a Kugel Patch implanted in his body.

41. Florida Statutes, Section 501.204 makes unfair and/or deceptive trade practices in the conduct of any trade or commerce illegal.

42. Florida Statutes, Section 501.211 creates a private right of action for individuals who are aggrieved by an unfair and/or deceptive trade practice by another person.

43. Florida Statutes, Section 501.2105 provides that the prevailing party in

litigation arising from a cause of action pursuant to Chapter 501 shall be entitled to recover attorney's fees within the limitations set forth therein from the non prevailing party.

44. Florida Statutes, Section 501.213 provides that any remedies available under Chapter 501 are in addition to any other remedies otherwise available for the same conduct under state or local law.

45. Florida Statutes, Section 501.203 (3)(c) states that a person has violated the Florida Deceptive and Unfair Trade Practices Act if he violates "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices."

46. DAVOL and BARD engaged in the practice of manufacturing, marketing, distributing, selling and otherwise placing into the stream of commerce a defective product and/or device which it knew or should have known was defective which constitutes trade and commerce as defined by Sections 501.203(8) Fla. Stat., and is therefore subject to FDUTPA.

47. DAVOL and BARD's acts constitute unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

48. As a result of DAVOL and BARD's unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to actual damages resulting from the purchase of the Kugel Patch.

49. As a result of DAVOL and BARD's unfair and deceptive trade practices, in violation of the FDUTPA, Plaintiff is entitled to an award of attorney's fees and court costs, if he prevails.

**WHEREFORE,** Plaintiff sues DAVOL and BARD and demands judgment for actual damages in excess of the minimal jurisdictional limits of this court, prejudgment and post judgment interest as allowed by law, attorney's fees and court costs, and demands trial by jury of all issues so triable.

DATED this 24 day of July, 2007.

THE ALVAREZ LAW FIRM
Attorneys for the Plaintiff
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075
Email: alex@integrityforjustice.com

BY: ____________________
ALEX ALVAREZ
Florida Bar No. 94634

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**07-21928**

**I. (a) PLAINTIFFS**
ANTONIO SANCHEZ,

**DEFENDANTS**
DAVOL, INC., a Rhode Island Corporation for profit, et al.

**(b)** County of Residence of First Listed Plaintiff: Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Providence
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**CIV - HUCK**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
THE ALVAREZ LAW FIRM
355 Palermo Avenue, Coral Gables, FL 33134 / (305) 444-7675

Attorneys (If Known)

MAGISTRATE JUDGE SIMONTON

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) X MIAMI-DADE COUNTY
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

DADE-07-21928-CIV-HUCK-SIMONTON

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1332, 1391
Brief description of cause: Defendant sold a defective product causing injury to Plaintiff

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $
CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND
JUDGE MARY M. LISI DOCKET NUMBER MDL 07-1842-ML

DATE 7/24/07 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 963863 AMOUNT $350.00 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

07/26/07