UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO SANCHEZ,

Plaintiff,

v.

C.R. BARD, INC.; and DAVOL INC.,

Defendants.

Civil Action No.: 07-21928

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS C.R. BARD, INC. AND DAVOL, INC.**

Defendants C.R. Bard, Inc. and Davol Inc., ("Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

**PARTIES**

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. Davol Inc. ("Davol") admits that it is a subsidiary of C.R. Bard, Inc. ("Bard") organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

throughout the United States, including the State of Florida. Davol denies the remaining allegations.

3. Bard admits that it is organized under the laws of the State of New Jersey and that Davol is its subsidiary. Bard admits that Davol designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of Florida. Bard denies the remaining allegations.

**JURISDICTION**

4. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

5. The allegations in Paragraph 5 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**FACTS**

6. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 6 of the Complaint, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore deny the same.

7. Davol admits that it designed, distributed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 7 of the complaint, Defendants do not know what is meant by "delivery"



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

beyond the meaning of "distributed", which has been admitted, or lack sufficient knowledge or information to form a belief as to the truth of the allegations. Defendants accordingly deny the remaining allegations.

8. Davol admits that it submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore deny the same.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore deny the same.

11. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval.

12. Defendants admit that the federal Food and Drug Administration characterizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

13. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place due to a potential for PET recoil ring breaking. Davol further admits that it has received reports of ring migration, intestinal fistulae, bowel perforation, and death.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

14. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore deny the same.

15. Davol denies the allegations contained in Paragraph 15 of the Complaint.

16. Davol denies the allegations contained in Paragraph 16 of the Complaint.

17. Davol denies the allegations contained in Paragraph 17 of the Complaint.

18. Davol denies the allegations contained in Paragraph 18 of the Complaint.

**COUNT I**
**Negligence**

Defendants incorporate by reference their responses to each and every allegation contained in paragraphs 1-18 of the Complaint as though fully set forth herein.

19. The allegations in Paragraph 19 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

20. The allegations in Paragraph 20 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

25. The allegations in Paragraph 25 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

26. The allegations in Paragraph 26 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**COUNT II**
**Strict Product Liability**

Defendants incorporate by reference their responses to each and every allegation contained in paragraphs 1-18 of the Complaint as though fully set forth herein.

27. The allegations in Paragraph 27 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

28. Davol admits that it designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations contained in Paragraph 28 of the complaint, Defendants do not know what is meant by "assembled" or "conveyed" beyond the meanings of "manufactured" and "distributed" which have been addressed above. Defendants accordingly deny all remaining allegations.

29. The allegations in Paragraph 29 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore deny the same.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and therefore deny the same.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

Case 1:07-cv-21928-PCH Document 5 Entered on FLSD Docket 08/27/2007 Page 6 of 13

32. The allegations in Paragraph 32 and its subparts (i) through (x) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

33. The allegations in Paragraph 33 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT III
**Breach of Implied Warranty**

Defendants incorporate by reference their responses to each and every allegation contained in paragraphs 1-18 of the Complaint as though fully set forth herein.

34. The allegations in Paragraph 34 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

35. The allegations in Paragraph 35 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore deny the same.

38. The allegations in Paragraph 38 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## COUNT IV
**Florida's Deceptive & Unfair Trade Practices Act ("FDUTPA")**

Defendants incorporate by reference their responses to each and every allegation contained in paragraphs 1-18 of the Complaint as though fully set forth herein.


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

39. The allegations in Paragraph 39 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

40. The allegations in Paragraph 40 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

41. The allegations in Paragraph 41 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

47. The allegations in Paragraph 47 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

48. The allegations in Paragraph 48 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 are conclusions of law, and no answer is required. To the extent an answer is required, Defendants deny the allegations.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff,



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

including contributory negligence, contributory fault, comparative fault; assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct Defendants are not responsible; accordingly, Defendants are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees embodied in the Florida Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Florida Constitution.


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under Florida and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Florida.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.



WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 3800 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

Date: August 27, 2007

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for the Defendants
3800 Bank of America Tower
100 S.E. Second Street
Miami, Florida 33131
Telephone: (305) 374-4400
Facsimile: (305) 579-0261

By: ______________________
ANTHONY P. STRASIUS
Florida Bar No. 988715
MARLISA R. HARRISON
Florida Bar No. 0642851

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent via U.S. Mail this 27th day of August 2007, to: Alex Alvarez, Esq., THE ALVAREZ LAW FIRM, Attorneys for Plaintiff, 355 Palermo Avenue, Coral Gables, Florida 33134.

By: ______________________
ANTHONY P. STRASIUS
Florida Bar No. 988715